```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
MARCUS L. MCDANIEL,           )
                              )
         Plaintiff,           )
                              )
         v.                   )    Civil Action No. 12-723 (RWR)
                              )
TOM J. VILSACK,               )
                              )
         Defendant.           )
_____)
```

### MEMORANDUM ORDER

    Plaintiff Marcus McDaniel, an African-American man formerly employed by the U.S. Department of Agriculture ("USDA") from August 2008 to July 2009 as a Safety & Occupational Health Manager, filed a one-count complaint against the Secretary of Agriculture, alleging that McDaniel's supervisors discriminated against him because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by harassing him and terminating his employment.  The Secretary has moved to dismiss or for summary judgment, arguing that McDaniel failed to exhaust his administrative remedies for most of the allegedly harassing conduct noted in the complaint, and that other than the termination, the conduct alleged did not rise to the level of an adverse employment action.  Because the Secretary does not challenge that the one-count complaint states a plausible claim of discriminatory termination, the defendant's dispositive motion will be denied.

- 2 -

In August 2008, McDaniel joined the USDA's National Resources Conservation Service ("NRCS") as its Safety and Occupational Health Manager, subject to a one-year probationary period.  Compl. ¶¶ 4, 7.  McDaniel was eventually supervised by a woman named Eloris Speight.  McDaniel's complaint states a litany of complaints about Speight - - that Speight actively disliked McDaniel, that Speight did not approve of having McDaniel's position being placed in the Human Resources department, that Speight frequently pointed out to McDaniel that she could fire him at any time and for any reason during his probationary period, that Speight did not provide feedback to McDaniel and falsely accused him of failing to send her work product, and that Speight transferred responsibility away from McDaniel.  Id. ¶¶ 9-10.

On July 31, 2009, while McDaniel was still in his probationary period, his employment was terminated for unsatisfactory conduct in performing his job.  Compl. ¶¶ 12-13; Def.'s Mem. in Supp. of Mot. to Dismiss or for Summ. J. ("Def.'s Mem."), Ex. 1.  That September, McDaniel contacted the NRCS Civil Rights Division to initiate formal counseling.  The counseling was unsuccessful and in October 2009, McDaniel was notified of his right to file a formal EEO complaint.  Def.'s Mem., Ex. 2.  In November 2009, McDaniel filed a formal EEO complaint with the USDA.  The USDA sent McDaniel a letter in May 2010 accepting his

- 3 -

complaint, identifying as issues to be investigated 1) McDaniel's July 2009 termination; 2) McDaniel being forced to perform tasks from August 2008 through July 2009 without receiving feedback; and 3) Speight intimidating McDaniel from early 2009 through July 2009 by repeatedly reminding him that he could be removed from his position without just cause during the probationary period. Id., Ex. 3.  In February 2012, an administrative law judge ruled for the USDA on McDaniel's complaint. Id., Ex. 5 at 9.

McDaniel filed his one-count complaint in this action in May 2012.  The introductory paragraph of McDaniel's complaint alleges that the defendant discriminated against him based on his race and sex by "harassing him, by preventing him from performing his duties and responsibilities . . . and, ultimately, by terminating his employment[.]"  Compl. ¶ 1.  In the portion of the complaint labeled "Prayer for Relief," the complaint states that "defendant . . . discriminated against plaintiff based on his race and sex by (i) harassing him on the job (ii) preventing him from performing his duties and responsibilities, and (iii) terminating his employment with USDA and removing him from the Federal Service effective July 31, 2009[.]"  Id. ¶ 16.

The Secretary has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Rule 56, regarding all of McDaniel's claims other

than his claim that he was terminated because of his race and sex. Def.'s Mem. at 12. The Secretary argues that McDaniel failed to exhaust his administrative remedies for claims other than his claim based on his termination, and that any claim of hostile work environment would fail as a matter of law. Def.'s Reply at 1.

McDaniel's response to the Secretary's motion states that McDaniel "brought this lawsuit because NRCS management unlawfully terminated his employment and removed him from the federal service based on his race and sex." Pl.'s Resp. at 1. McDaniel explains that the other incidents, such as the purported harassment and interference with his ability to perform his job, were offered as "background evidence" to support his properly-exhausted claim about his termination. Id.; see also Mamantov v. Jackson, 898 F. Supp. 2d 121, 127 (D.D.C. 2012) (stating that plaintiffs can, in some circumstances, use prior unexhausted acts as background evidence in support of timely claims).

Therefore, the Secretary's motion is moot. McDaniel has a one-count complaint alleging that his termination was the result of race and sex discrimination, and the Secretary does not attack that cause of action.[1] Accordingly, it is hereby

---

[1] The Secretary acknowledges that his motion seeks a partial dismissal of plaintiff's count or partial summary judgment on it. In general, a motion to dismiss under Rule 12(b)(6) is not an appropriate device to use to eliminate a portion of a claim. SocialApps, LLC v. Zynga, Inc., 4:11-CV-04910, 2012 WL 381216, at

- 5 -

ORDERED that the Secretary's motion [8] to dismiss, or in the alternative for summary judgment be, and hereby is, DENIED as moot.

SIGNED this 30th day of May, 2013.

                                          /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge

---

\*2 (N.D. Cal. Feb. 6, 2012) (a "motion under Rule 12(b)(6) may not be used to challenge only certain allegations within a claim") (citing Thompson v. Paul, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) (stating that "[t]he Court is unaware, however, of any situation in which a Rule 12(b)(6) motion may be used to strike certain allegations in support of a claim, where the underlying claim itself is not challenged")).  And, ordinarily, "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'"  Convertino v. U.S. Dep't of Justice, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 257 (1986)).